

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant
Department of Education
Austin, Texas

Dear Mr. Trimble:

Opinion No. 0-5564
Re: Whether or not the provisions of Senate Bill 266,
48th Legislature, are applicable to various properties now being rented or needed by the Vocational Division of the State Department of Education and paid for with 100 per cent Federal funds.

You request an opinion upon the above subject-matter in your letter, as follows:

"I would like an opinion as to whether S. B. 266, enacted by the 48th Legislature, which has reference to rental agreements being handled by the State Board of Control, is applicable to various properties now being rented by the Vocational Division of the State Department of Education and paid for with 100 per cent Federal Funds.

"Stated briefly, the situation is this - this division, acting as an agent for the U. S. Office of Education, sends in a request to them for rental of a specified building, giving price, etc. Upon approval of this request, the funds covering one year's rental are deposited in the State Treasury, and the department is billed monthly for same, and these bills have been heretofore sent to the Comptroller for payment by Special Fund Warrant.

"The Comptroller's Department takes the position that this act is applicable to the above situation, and cites for example Opinion No. O-5299, furnished the State Board of Health with reference to the $4.00 per day limitation on trips to Washington and states that the limitation does apply even though the expense is to be paid from Federal Funds."

Senate Bill No. 266, insofar as pertinent, is as follows:

"Section 1. Hereafter all departments and agencies of the State Government, when rental space is needed for carrying on the essential functions of such agencies or departments of the State Government, shall submit to the State Board of Control a request therefor, giving the type, kind, and size of building needed, together with any other necessary description, and stating the purpose for which it will be used and the need therefor.

"Sec. 2. The State Board of Control, upon receipt of such request, and if the money has been made available to pay the rental thereon, and if, in the discretion of the Board such space is needed, shall forthwith advertise in a newspaper, which has been regularly published and circulated in the city, or town, where such rental space is sought, for bids on such rental space, for the uses indicated and for a period of not to exceed two years. After such bids have been received by the State Board of Control at its principal office in Austin, Texas, and publicly opened, the award for such rental contract will be made to the lowest and best bidder, and upon such other terms as may be agreed upon. The terms of the contract, together with the notice of the award of the State Board of Control will be submitted to the Attorney

General of Texas, who will cause to be prepared and executed in accordance with the terms of the agreement, such contract in quadruplicate; one of which will be kept by each party thereto, one by the State Board of Control, and one by the Attorney General of Texas. The parties to such contract will be the department or agency of the government using the space as lessee and the party renting the space as lessor.

"Sec. 3. Within thirty days after the effective date of this Act, all departments and agencies of the State Government at this time leasing or renting space from any person, firm, or corporation whomsoever, will cause to be prepared and delivered to the State Board of Control in Austin, Texas, a copy of any written rental or lease agreement now in force and current, or any statement of any oral understanding upon which any lease or rental public funds are being expended, if such action has not already been taken."

It is our opinion that the provisions of the bill just quoted do not apply to the situation presented by you.

The fact is plain that the rentals involved will be paid by the Federal Government through the United States Office of Education. In our opinion the law applicable to the matter inquired about is found in Section 10 of Chapter 400, Acts of the 48th Regular Session of the Legislature of Texas, and which is as follows:

"United States Funds and Aid. The proper officer or officers of any State Departments, bureaus, or divisions of State agencies are hereby authorized to make application for and accept any gifts, grants, or allotments or funds from the United States Government to be used on State cooperative and other Federal projects and programs in Texas, including construction of public buildings, repairs, and improvements. Any of such Federal funds as may be deposited in the State Treasury are hereby appropriated to the specific purpose authorized by the Federal Government, and subject to the limitation placed on this Act."

Honorable T. M. Trimble, page 4

The funds inquired about by you appear to be Federal Funds and come into the hands of the Vocational Division of the State Department of Education already earmarked by the United States Office of Education for the rental of a specified building at a specified price.

You are therefore advised that the Vocational Division of the State Department of Education may, independent of the Texas State Board of Control, expend said funds for the rental of the specified building at the specified price as was agreed upon by said Division while acting as an agent for the United States Office of Education.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

George P. Blackburn
Assistant

GPB:AMM